No. 26-10127

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

SPECTRUM WT; BARRETT BRIGHT; LAUREN STOVALL,

*Plaintiffs-Appellants*

v.

WALTER WENDLER, in his official capacity as
the President of West Texas A&M University,

*Defendant-Appellee*

On Appeal from the United States District Court for the Northern
District of Texas, Amarillo Division, Civil Action No. 2:23-cv-48
Hon. Matthew J. Kacsmaryk Presiding

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO FILE APPELLANTS' BRIEF

JT Morris
  *Counsel of Record*
Samuel Rudovsky
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
700 Pennsylvania Ave., S.E.
Ste. 340
Washington, D.C. 20003
Tel:  (215) 717-3473
jt.morris@fire.org
sam.rudovsky@fire.org

Sara Berinhout
Adam Steinbaugh
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
510 Walnut Street, Ste. 900
Philadelphia, PA 19106
Tel:  (215) 717-3473, ext. 251
sara.berinhout@fire.org
adam@fire.org

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF INTERESTED PARTIES

The cause number and style of the case is *Spectrum WT v. Wendler* (USDC Civil No. 2:23-CV-48, Northern District of Texas).

Counsel of record certifies that the following listed persons or entities described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this Court may evaluate possible disqualification or recusal.

**<u>Plaintiff-Appellant</u>**
Spectrum WT

**<u>Attorneys for Plaintiff-Appellant</u>**
JT Morris
Conor T. Fitzpatrick
Samuel Rudovsky
Foundation for Individual Rights and Expression
700 Pennsylvania Ave. SE, Ste. 340
Washington, D.C. 20003

Adam Steinbaugh
Sara Berinhout
Jeffrey Daniel Zeman
Foundation for Individual Rights and Expression
510 Walnut Street, Ste. 900
Philadelphia, PA 19106

**<u>Defendant-Appellee</u>**
Dr. Walter Wendler

**<u>Attorneys for Defendant-Appellee</u>**
William R. Peterson

i

William F. Cole
Monroe David Bryant, Jr.
Zachary Berg
Munera Al-Fuhaid
Alexia Baker
Office of the Attorney General of Texas
P.O. Box 12548
Austin, TX 78711

**Former Parties and Other Interested Parties**
Barrett Bright
Marcus Stovall f/k/a Lauren Stovall
John Sharp
Glenn Hegar
Robert L. Albritton
James R. Brooks
Jay Graham
Michael A. Hernandez, III
Tim Leach
Bill Mahomes
Elaine Mendoza
Michael J. Plank
Cliff Thomas
Demetrius L. Harrell, Jr
West Texas A&M University
Texas A&M University System

Respectfully,

/s/ JT Morris
*Counsel of Record for*
*Plaintiffs-Appellants*

ii

## UNOPPOSED MOTION FOR EXTENSION OF TIME

Plaintiffs-Appellants Spectrum WT, Barrett Bright, and Lauren Stovall respectfully move unopposed under Federal Rule of Appellate Procedure 26(b), Fifth Circuit Rules 26.2, 27, 31.4.2, and 31.4.3.2 for a Level 2 extension of 60 days to file the Appellants' Brief. In support, Appellants state as follows:

1.     The current due date to file Appellants' Brief is April 27, 2026. A 60-day extension would result in a new deadline of June 26, 2026.

2.     There have been no previous requests for an extension, and no extension has been granted.

3.     Defendant-Appellee does not oppose this Motion.

4.     More than ordinary good cause exists for this extension, and a Level 1 extension is insufficient, because the parties intend to (a) jointly petition the Court under Federal Rule of Appellate Procedure 40(g) for initial hearing en banc in this appeal and a pending related appeal and (b) seek consolidation of those appeals.

5.     An extension is necessary to provide the parties with sufficient time to prepare the en banc petitions and for the full Court to consider whether to hear the matters en banc.

## BACKGROUND

### *The Spectrum WT Appeals*

6.      This matter concerns a prohibition, imposed by the president of a public university, on student-organized drag shows at West Texas A&M University. Plaintiffs-Appellants challenged that prohibition on First Amendment grounds.

7.      This appeal from a final judgment is the second appeal in this matter. In the first appeal, a divided panel issued an interlocutory opinion reversing the district court's denial of Plaintiffs-Appellants' motion for a preliminary injunction. *Spectrum WT v. Wendler* (*Spectrum I*), No. 23-10994 (5th Cir. Aug. 18, 2025), Dkt. No. 186. This Court then withheld issuance of the mandate, ordered rehearing en banc, and vacated the panel opinion. *Spectrum I*, Dkt. Nos. 193, 207, 209.

8.      This Court set en banc oral argument for January 23, 2026. *See Spectrum I*, Dkt. No. 302.

9.      On January 17, 2026, after a January 14, 2026, bench trial, the district court entered final judgment and issued findings of fact and conclusions of law denying Plaintiff-Appellant Spectrum WT's claims for

permanent injunctive and declaratory relief.[1] *Spectrum I*, Dkt. No. 323 at 2.

10.    Plaintiff-Appellant Spectrum WT moved this Court to dismiss its interlocutory appeal as moot because "litigat[ing] further any issues that were raised in the preliminary injunction motion" would be left for the second appeal. *Spectrum I*, Dkt. No. 323 at 2–3 (quoting *Satanic Temple, Inc. v. Tex. Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514–515 (5th Cir. 2023)).

11.    On January 20, 2026, this Court granted Plaintiff-Appellant Spectrum WT's motion to dismiss the appeal as moot. *Spectrum I*, Dkt. No. 336.

12.    Plaintiffs-Appellants timely noticed this appeal on February 16, 2026. No. 26-10127, Dkt. No. 1.

---

[1] The district court previously dismissed the damages claims brought by Plaintiffs-Appellants Bright and Stovall, who do not have live injunctive-relief claims at issue in this appeal.

*The Texas A&M Queer Empowerment Council Litigation*

13. While *Spectrum I* was pending before the panel, the Texas A&M University System Board of Regents issued a policy prohibiting student-organized drag shows at any Texas A&M University campus.

14. The Texas A&M Queer Empowerment Council, a student organization at Texas A&M University that hosts drag shows, brought a First Amendment challenge to that prohibition in the Southern District of Texas, which issued a preliminary injunction. *Tex. A&M Queer Empowerment Council v. Mahomes*, No. 4:25-cv-992 (S.D. Tex. Mar. 24, 2025), Dkt. Nos. 24, 25.[2]

15. The Defendants-Appellants in the *Queer Empowerment Council* matter noticed an interlocutory appeal from the order granting the motion for a preliminary injunction. *Tex. A&M Queer Empowerment Council v. Mahomes* (*QEC*), No. 25-20108 (5th Cir. Apr. 2, 2025), Dkt. No. 1.

16. The attorney appearance forms in *QEC* noted *Spectrum I* as a related pending case. *QEC*, Dkt. No. 8.

---

[2] Counsel for Plaintiffs-Appellants in *Spectrum I* also represent the Plaintiff-Appellee in the *Queer Empowerment Council* matter.

4

17. On May 21, 2025, Defendants-Appellants in *QEC* moved this Court to hold *QEC* in abeyance pending this Court's decisions in *Spectrum I* and another matter concerning drag shows and the First Amendment, *Woodlands Pride, Inc. v. Paxton*, No. 23-20480 (5th Cir.). *QEC*, Dkt. No. 20.

18. This Court granted the motion on May 27, 2025. *QEC*, Dkt. No. 21.

19. This Court decided *Woodlands Pride* on November 6, 2025. Then, after denying panel rehearing and issuing a substitute opinion on February 25, 2026, issued the mandate on March 18, 2026. *Woodlands Pride v. Paxton*, No. 23-20480 (5th Cir. Nov. 6, 2025), Dkt. Nos. 286-1, 316, 323.

20. The Court has not lifted the stay in *QEC*, and the Court has not issued a briefing schedule in that appeal.

## ARGUMENT

21. More than good cause exists to grant this Motion. Plaintiff-Appellant Spectrum WT seeks an additional 60 days to allow the parties and Court time to consider the parties' forthcoming petitions to hear both this appeal and *QEC* en banc.

22.    This Court may hear an appeal "initially en banc" on its own accord or in response to a party's petition, which must be filed by the date the party's principal brief is due. Fed. R. App. P. 40(g). Plaintiffs-Appellants' brief is not due until April 27, 2026, and no due date has been set for the briefs in *QEC*.

23.    Given the Court's decision to hear *Spectrum I* en banc and the disputed questions of law in the district court decisions underlying the appeals, this appeal and *QEC* meet the criteria for initial hearing en banc. *See* Fed. R. App. P. 40(b)(2) (noting en banc review is appropriate where, among other things, there is a conflict with a decision of the United States Supreme Court, a circuit split, or one or more questions of exceptional importance); *see also, e.g., United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (recognizing "intra- and inter-circuit split" in deciding to hear case en banc in the first instance).

24.    The parties, the panel of this Court in *Spectrum I*, and the district courts below are divided on whether the Supreme Court's decision in *Christian Legal Society Chapter of the University of California, Hastings College of the Law v. Martinez*, 561 U.S. 661 (2010), bears on the questions presented by *Spectrum WT* and *QEC*. *See*

*Spectrum WT v. Wendler*, No. 23-10994 (5th Cir. Aug. 18, 2025), Dkt. No. 186-1 at 17–19 (maj. op.); *id.* at 28, 35–37 (Ho, J., dissenting); *Texas A&M Queer Empowerment Council v. Mahomes*, 772 F.Supp.3d 792, 804 (S.D. Tex. 2025) (citing *Martinez* in determining the Texas A&M System drag ban was viewpoint discriminatory). This intra-circuit split is on full display in these cases, as drag shows at Texas A&M's flagship campus can be (and have been) staged without incident, while drag performances are barred on another Texas A&M System campus.

25.   The district courts are also divided on whether on-stage drag performance is inherently expressive. *Compare Spectrum WT v. Wendler*, No. 2:23-cv-48-Z (N.D. Tex. Jan. 17, 2026), Dkt. No. 168, at 17–26 (holding drag performance is not inherently expressive) *with Texas A&M Queer Empowerment Council*, 772 F.Supp.3d 792, 800–803 (S.D. Tex. 2025) (holding drag shows are inherently expressive).

26.   Those are questions of exceptional importance—as the Court's decision to rehear *Spectrum I* en banc reflects.

27.   The extension sought by Plaintiffs-Appellants is an appropriate period to facilitate the parties' preparation and filing of the en banc petitions and to avoid the parties expending resources preparing

panel stage briefing should the Court decide to initially hear this appeal en banc.

28.    The Court, too, will require time to consider the forthcoming petition, as "[e]ach request for en banc consideration must be studied by every active judge of the court[.]" Fifth Cir. R. 40.2.1.

29.    Counsel for Plaintiffs-Appellants has discussed this Motion with counsel for Defendants-Appellees, who represent the government parties in both this appeal and in *QEC*. Counsel for Defendants-Appellees are unopposed to the 60-day extension requested.

30.    This extension is not sought for purposes of delay, and Defendants-Appellees will not be prejudiced by the extension.

31.    Additionally, an attorney for Plaintiffs-Appellants in this matter and Plaintiff-Appellees in *QEC*, Adam Steinbaugh, has a previously scheduled sabbatical between April 22, 2026, and June 15, 2026. During some of that time, he will be traveling internationally.

### REQUESTED RELIEF

For the reasons stated above, Plaintiffs-Appellants respectfully request that this Court grant this motion and extend the deadline to file

8

the Appellants' Brief by 60 days, resulting in a new deadline of June 26, 2026.

Dated: March 27, 2026              Respectfully,

                                   /s/ JT Morris
                                   JT Morris
                                   Samuel Rudovsky
                                   FOUNDATION FOR INDIVIDUAL
                                     RIGHTS AND EXPRESSION
                                   700 Pennsylvania Ave., SE, Ste. 340
                                   Washington, D.C. 20003
                                   Tel: (215) 717-3473
                                   jt.morris@fire.org
                                   sam.rudovsky@fire.org

                                   Sara Berinhout
                                   Adam Steinbaugh
                                   FOUNDATION FOR INDIVIDUAL
                                     RIGHTS AND EXPRESSION
                                   510 Walnut St., Ste. 900
                                   Philadelphia, PA 19106
                                   Tel:  (215) 717-3473
                                   sara.berinhout@fire.org
                                   adam@fire.org

                                   *Attorneys for Plaintiff-Appellant*

## CERTIFICATE OF CONFERENCE

I certify that on March 23 and 24, 2026, I conferred with William Cole, counsel for Defendant-Appellee Walter Wendler, and he responded that they do not oppose the relief requested in this motion.

Dated: March 27, 2026

/s/ JT Morris
JT Morris
Attorney for Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limitation of Federal Rule of Civil Procedure 27(d)(2)(a) because this motion contains 1,422 words, excluding the parts of the brief exempted by Federal Rule of Civil Procedure 32(a)(7)(B)(iii).

2.    This motion complies with the typeface and typestyle requirements of Federal Rule of Civil Procedure 27(d)(1)(E) and Federal Rule of Civil Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Century Schoolbook font.

Dated: March 27, 2026

/s/ JT Morris
JT Morris
Attorney for Plaintiff-Appellant

11

## CERTIFICATE OF SERVICE

This certifies that on March 27, 2026, in compliance with Rules 25(b) and (c) of the Federal Rules of Appellate Procedure, the undersigned served the foregoing via the Court's ECF filing system on all registered counsel of record.

Dated: March 27, 2026

/s/ JT Morris
JT Morris
Attorney for Plaintiff-Appellant